NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| XIAO-WEI CHOU,<br>        Plaintiff,<br>   v.<br>J.P. MORGAN CHASE,<br>        Defendant/Third-Party Plaintiff,<br>   v.<br>TEKSYSTEMS, INC.,<br>        Third-Party Defendant. | Civil Action No.: 2:18-cv-15407<br><br>OPINION |

**CECCHI, District Judge.**

This matter comes before the Court on the motion of TEKsystems, Inc. ("TEKsystems") to dismiss J.P. Morgan Chase's ("JPMC") third-party complaint (ECF No. 30). ECF No. 40. No oral argument was heard. Fed. R. Civ. P. 78(b). For the reasons that follow, the motion is granted.

**I.    BACKGROUND**

In April 2014, JPMC and TEKsystems entered into an agreement (the "Agreement") under which TEKsystems acted as a vendor of software development services to JPMC. ECF No. 30 ¶ 8; ECF No. 40-1. The Agreement states, in part, that TEKsystems will indemnify JPMC for losses:

> [D]ue to, arising from or relating to third party claims, demands, actions or threat of action . . . arising from or relating to: (a) [TEKsystems'] actual or alleged breach of any warranties in this Agreement . . . ; (b) any actual or alleged infringement, violation or misappropriation of the Intellectual Property Rights of any third person by (i) any Deliverables provided by [TEKsystems] or (ii) JPMC or a Recipient's use of those Deliverables; (c) [TEKsystems'] actual or alleged breach of any of the confidentiality or privacy provisions in this Agreement; (d) the failure of [TEKsystems] or any of its subcontractors or anyone acting on its or their behalf to pay any withholding or other employment-related taxes or other obligations in connection with [TEKsystems] Personnel or (e) fraud, negligent, willful or reckless acts or omissions of or by [TEKsystems or its] Personnel (["<u>Indemnified Claims</u>"]).

ECF No. 40-1 at 33 (the "Indemnity Provision").

In April 2017, Xiao-Wei Chou ("Chou") was hired by TEKsystems and assigned to JPMC as a temporary consultant. ECF No. 30 ¶ 12. This matter arises out of an action by Chou against JPMC for age- and race-based discrimination in violation of state and federal law. ECF No. 1. Chou's six-count amended complaint alleges discrimination by JPMC, whose employee told Chou he was "too old" to be hired permanently. ECF No. 19 ¶¶ 24–36, 37–59.

In June 2019, JPMC filed a third-party complaint against TEKsystems for indemnification of Chou's claims, alleging: (1) that TEKsystems is contractually obligated to indemnify JPMC because Chou was "placed at JPMC" under the Agreement (ECF No. 30 ¶¶ 23–25); and (2) that the Agreement created a "special relationship between JPMC and TEKsystems" that justifies "an implied right of indemni[ty] for any damages JPMC" suffers from Chou's claims (id. ¶¶ 27–32).

TEKsystems moved to dismiss the third-party complaint under Rule 12(b)(6), arguing that it fails to state a claim for indemnity. ECF No. 40. JPMC opposed the motion. ECF No. 45.

## II. LEGAL STANDARD

To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint offering "labels and conclusions" or "naked assertions" without "factual enhancement" will not suffice. *Id.* (citation omitted). On a motion to dismiss, the court separates the factual and legal elements of the claim, accepts well-pleaded facts as true and disregards legal conclusions, then decides whether the facts alleged show a plausible claim for relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).

## III. DISCUSSION

Under New Jersey law, indemnification is only available when explicitly provided for in a contract or when a special legal relationship gives rise to an implied right to indemnification. *Katz*

*v. Holzberg*, 2013 WL 5946502, at *2 (D.N.J. Nov. 4, 2013) ("[A] party is only entitled to indemnification if they are without fault or their liability is purely constructive, secondary, or vicarious."). TEKsystems argues that JPMC failed to state either indemnity claim. ECF No. 40.

A. **Contractual Indemnification**

As to count I, TEKsystems argues that Chou's discrimination claim is outside the scope of the Indemnity Provision. ECF No. 40 at 8–9. JPMC contends that the third-party complaint sufficiently pled indemnity when it alleged that TEKsystems hired and fired Chou, arguing that this "adequately alleged such negligent, willful or reckless behavior" in subsection (e) and that TEKsystems is "responsible" for Chou's alleged loss and potential damages. ECF No. 45 at 2–3.

Indemnity contracts are interpreted in accordance with the rules governing contract interpretation generally. *Ramos v. Browning Ferris Indus. of S. Jersey, Inc.*, 510 A.2d 1152, 1159 (N.J. 1986). In New Jersey, contracts are interpreted by their "plain language" and read "as a whole in a fair and common sense manner." *Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 255 (3d Cir. 2010) (citations omitted). Thus, an unambiguous indemnity contract is interpreted by looking at its language and the parties' intent. *Hill v. Commerce Bancorp, LLC*, 2011 WL 2293324, at *6 (D.N.J. June 8, 2011). Accordingly, JPMC must allege that the Agreement explicitly requires TEKsystems to indemnify JPMC for Chou's claims.[1]

Here, employment discrimination is not an Indemnified Claim under the Indemnity Provision. ECF No. 40-1 at 33. Accordingly, the plain terms of the Agreement do not require TEKsystems to indemnify JPMC for Chou's claims. *See Horsehead Indus., Inc. v. Paramount Commc'ns, Inc.*, 258 F.3d 132, 146 (3d Cir. 2001) (finding that enumeration of certain items in an

---

[1] The Court may consider the Agreement because it is explicitly referenced in the third-party complaint and integral to count I. *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

3

indemnity provision indicated parties' intent to cover only those items). JPMC's argument that it stated a claim under subsection (e), which it cited for the first time in its opposition (ECF No. 45 at 2–3), is without merit. Chou only alleges discrimination by JPMC, and the third-party complaint does not allege discrimination, fraud, negligence, willful, or reckless conduct by TEKsystems. Instead, JPMC merely alleges that "Chou was employed by TEKsystems and placed at JPMC pursuant to the [Agreement]." ECF No. 30 ¶ 25. Thus, JPMC did not sufficiently allege contractual indemnity under the Agreement and count I must be dismissed for failure to state a claim.

### B. Common Law Implied Right of Indemnification

As to count II, TEKsystems argues that JPMC is solely at fault with respect to Chou's claims and that JPMC did not allege the existence of a special legal relationship. ECF No. 40 at 9–12. JPMC argues that discovery is necessary to develop evidence of the relationship but that in any event it sufficiently pled a special relationship. ECF No. 45 at ¶¶ 3–7.

Implied indemnification arises in a "special legal relationship" that is "sufficient to impose certain duties and a subsequent breach of those duties." *Ruvolo v. U.S. Steel Corp.*, 336 A.2d 508, 511 (N.J. Super Ct. Law. Div. 1975). Examples of special legal relationships are principal-agent, bailor-bailee, lessor-lessee, and employer-employee. *Ramos*, 510 A.2d at 1158 (rejecting vendor-vendee relationship). Implied indemnification via "special relationship is a 'narrow doctrine' that is not frequently stretched beyond the[se] examples." *SGS U.S. Testing Co. v. Takata Corp.*, 2012 WL 3018262, at *5 (D.N.J. July 24, 2012). Accordingly, JPMC must show that its relationship with TEKsystems justifies an implied right of indemnification and that it is without fault.

#### 1. Special Legal Relationship

JPMC must allege that its relationship with TEKsystems justifies implied indemnity. *See Katz*, 2013 WL 5946502, at *3. JPMC claims it "pled sufficient facts to allege a special

relationship" (ECF No. 45 at 5), but then failed to identify the type of special relationship. *See Mathis v. Camden Cty.*, 2009 WL 4667094, at *12 (D.N.J. Dec. 3, 2009) (dismissing claim that failed to allege "a special legal relationship . . . on par with such legally cognizable relationships as lessor-lessee, principal-agent, or bailor-bailee"). Moreover, JPMC offers only two conclusory allegations and no factual support. ECF No. 30 ¶¶ 27–28; *see Ciemniecki v. Parker McCay P.A.*, 2010 WL 4746214, at *5 (D.N.J. Nov. 15, 2010) (finding conclusory claim that defendants were "entitled to indemnification under 'common law principles'" insufficient).

JPMC's argument that it "alleged a relationship that goes well beyond that of a seller and purchaser typical of a vendor-vendee relationship," (ECF No. 45 at 6) is factually unsupported and unavailing. The fact that "TEKsystems has worked for many years as a hiring agent of JPMC" (id. at 5), does not support a special legal relationship sufficient to survive dismissal. *See SGS*, 2012 WL 3018262, at *5 (finding parties' relationship resembled the non-cognizable vendor-vendee relationship and "[t]he fact that the parties engaged in this activity over a number of years d[id] not change the fundamental structure of this relationship").

Therefore, JPMC's allegations of a special relationship with TEKsystems are insufficient to state a claim for implied indemnity. *See PrO Unlimited, Inc. v. Kelly Servs., Inc.*, 2007 WL 9724727, at *4–5 (E.D.N.Y. Mar. 12, 2007) (rejecting staffing agency and client relationship).

    2. <u>Fault</u>

JPMC was also required to allege that it is not at fault but has become liable in tort for the conduct of TEKsystems. *See Meyers v. Heffernan*, 2014 WL 3343803, at *12 (D.N.J. July 8, 2014). Here, the third-party complaint does not allege that JPMC faces liability as a result of TEKsystems' conduct. Instead, JPMC only alleges that it is "without fault for the damages alleged" in Chou's complaint and that if JPMC has any liability, it is "purely derivative of [its] relationship with

TEKsystems." ECF No. 30 ¶ 30.  Yet, Chou's discrimination claims explicitly and solely focus on JPMC. ECF No. 19.  Thus, JPMC did not allege that it is without fault for the liability it faces.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, the Court finds that JPMC failed to state a claim for indemnification under either the Agreement or the common law.  Accordingly, JPMC's third-party complaint (ECF No. 30) is **DISMISSED** without prejudice under Federal Rule of Civil Procedure 12(b)(6).  An appropriate Order accompanies this Opinion.

DATED:  March 17, 2020

**CLAIRE C. CECCHI, U.S.D.J.**